Robert H. Bunzel, State Bar No. 99395
Charles G. Miller, State Bar No. 39272
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone:   (415) 956-1900
Facsimile:    (415) 956-1152

Attorneys for Plaintiffs
JOSEPH SAVERI LAW FIRM, INC.
and JOSEPH R. SAVERI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSEPH SAVERI LAW FIRM, INC., a California corporation, and JOSEPH R. SAVERI,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL E. CRIDEN, P.A., dba CRIDEN & LOVE, P.A., a Florida corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEFF** |

Plaintiffs Joseph Saveri Law Firm, Inc. and Joseph R. Saveri (sometimes collectively "Saveri" or "plaintiffs") allege as follows:

**The Parties**

1.  Plaintiff Joseph Saveri Law Firm, Inc. is a professional corporation, duly incorporated under the laws of the State of California, with its principal place of business in San Francisco, California.

2.  Plaintiff Joseph R. Saveri is a citizen of the State of California, is a resident of the City and County of San Francisco, and is engaged in the practice of law from his office in San Francisco, California.

-1-

3. Plaintiffs are informed and believe that defendant Michael E. Criden, P.A. (hereinafter "Criden") is a professional association doing business as Criden & Love, P.A., with its principal place of business in Miami, Florida and is a citizen of the State of Florida.

### Jurisdiction and Venue

4. Jurisdiction is based on 28 U.S.C. § 1332 (Diversity of Citizenship) in that the controversy is between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. This Court has *in personam* jurisdiction over defendant Criden. Criden sent the Email referred to in paragraph 7 below to Lieff Cabraser Heimann & Bernstein ("Lieff Cabraser") in San Francisco, California and any referral fee agreement was made in this judicial district. The present dispute arises out of and relates to Criden's contacts with this forum and specifically concerns Criden's alleged interest in legal fees for services substantially performed by plaintiffs in this judicial district. Further, Criden has continually over the past ten years appeared as counsel of record in multiple actions in the district courts of this state, which is conduct directed to and related to this forum.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, in that the legal services which are the subject of this action were performed in this District and a contract that is material to this dispute was made in this District.

### Facts Giving Rise to the Claim

6. Prior to June 1, 2012, Saveri was a partner in the San Francisco office of Lieff Cabraser. Lieff Cabraser is a California limited liability partnership. One of Lieff Cabraser's areas of specialization, and that of Saveri, is representing plaintiffs in class actions arising under federal or state antitrust laws.

7. Plaintiffs are informed and believe that on or about February 8, 2010, Lieff Cabraser and defendant Criden engaged in an email exchange (the "Email") whereby Lieff Cabraser purportedly agreed to pay defendant Criden a referral fee of 12.5 percent of any fees Lieff Cabraser received in connection with a lawsuit ultimately known as *In re Titanium Antitrust Litigation,* No. 10-cv-00318 RDB, United States District Court for the District of Maryland (the

"TiO2 Action"). Plaintiffs are informed and believe that Criden referred Isaac Industries, Inc. ("Isaac") as a client in the TiO2 Action to be represented by Lieff Cabraser. The Email was not to or from Saveri. The Email does not refer to any law firm other than Lieff Cabraser. It does not provide that any purported referral fee obligation applies to any other law firm, person, or lawyers who may depart Lieff Cabraser. The Email between Lieff Cabraser and Criden states that a referral fee applies if Lieff Cabraser later procures another client in the "matter." The Email between Lieff Cabraser and Criden also provides in one sentence, without an attorney's fees clause, that Lieff Cabraser and Criden shall arbitrate before the American Arbitration Association ("AAA") any disputes related to or arising from their purported agreement. It does not provide for or mention in any way arbitration between Criden and any other entity or person.

8.      Plaintiffs Joseph Saveri Law Firm, Inc. and Joseph Saveri did not sign or make any agreement with Criden. Plaintiffs Joseph Saveri Law Firm, Inc. and Joseph Saveri did not sign or make any agreement to arbitrate with Criden.

9.      On or about February 9, 2010, an antitrust class action complaint was filed by plaintiff Haley Paint Company in the United States District Court for the District of Maryland against a number of defendants, alleging a conspiracy to fix prices of titanium dioxide in violation of Section 1 of the Sherman Act (15 U.S.C. § 1), and commencing the TiO2 Action.

10.     On February 12, 2010, Isaac filed a similar complaint in the District of Maryland, which was consolidated with the Haley Paint complaint in the TiO2 Action. Shortly thereafter, Lieff Cabraser appeared in the TiO2 Action on behalf of Isaac. Lieff Cabraser was appointed one of the co-lead counsels, and Saveri functioned as the senior lawyer at Lieff Cabraser regarding the TiO2 Action.

11.     Prior to June 1, 2012, Saveri withdrew as a partner of Lieff Cabraser. On June 1, 2012, Joseph Saveri Law Firm, Inc. entered an appearance in the TiO2 Action as co-counsel for plaintiff East Coast Colorants LLC dba Breen Color Concentrates ("Breen") along with Vincent J. Esades of Heins, Mills & Olson of Minneapolis, Minnesota ("Heins"). Breen had intervened in the TiO2 Antitrust Action as plaintiff on July 29, 2011, represented by Heins. The Joseph Saveri Law Firm, Inc. assumed the role of co-lead counsel in the TiO2 Action as counsel of

record on behalf of Breen. The Joseph Saveri Law Firm, Inc. devoted the time of numerous lawyers and paid hundreds of thousands of dollars in expenses regarding the TiO2 Action. All work in the matter was performed by the Joseph Saveri Law Firm, Inc.

12. In the fall of 2013, after extensive discovery and motion practice (over 90 depositions were taken worldwide), a settlement in the TiO2 Action for $163.5 million was approved by the District Court, and $54.5 million in attorney's fees were awarded. The TiO2 Action, including the award of attorney's fees, is final, and a Final Judgment has been entered resolving all claims in the TiO2 Action. The attorney's fees have been allocated and paid to twelve plaintiff law firms, including Criden.

13. Plaintiffs are informed and believed that Criden has received approximately $2 million in referral fees related to the TiO2 Action, including sums paid to Criden by Lieff Cabraser related to the purported Email referral agreement for work performed by Lieff Cabraser, including work performed by Joseph Saveri, while a partner at Lieff Cabraser. Criden has in addition received approximately $1 million in attorney's fees for legal work performed by Criden in the TiO2 Action.

14. Plaintiff Joseph Saveri Law Firm, Inc. has also received attorney's fees for legal work performed by the Joseph Saveri Law Firm, Inc. in the TiO2 Action subsequent to June 1, 2012.

15. On or about February 28, 2014, plaintiffs received from the American Arbitration Association ("AAA") an arbitration demand filed by Criden in Miami, Florida, in proceeding No. 32-194 Y 00123-14, claiming that Criden is entitled to a referral fee equal to 12.5 percent of the attorney's received by the Joseph Saveri Law Firm, Inc. Criden in the AAA arbitration demand seeks $1.2 million from plaintiffs.

16. Criden asserts plaintiffs are required to arbitrate based on the Email between Lieff Cabraser and Criden. Plaintiffs are not parties to the purported Email referral agreement and are not its intended beneficiaries. Plaintiffs are not signatories to the Email. The Email does not mention them, refer to them, or contemplate them in any manner or form. Plaintiffs are not parties to any agreement with Criden and are not bound to arbitrate.

17. On March 14, 2014, plaintiffs timely objected to the jurisdiction of the AAA, and objected to venue for the arbitration in Florida. On March 24, 2014, Criden restated its position that Miami, Florida is the appropriate venue for arbitration with plaintiffs.

18. On April 2, 2014, the AAA issued a decision that venue for the arbitration between Criden and plaintiffs should be Miami, Florida. On April 4, 2014, the AAA submitted a list of potential arbitrators, the majority of whom reside in Florida.

19. By this action, plaintiffs seek to enjoin Criden from proceeding with the arbitration because the AAA has no jurisdiction over plaintiffs related to the present dispute. Plaintiffs have not agreed to arbitrate any dispute with Criden, have not made or signed any arbitration agreement, and are not bound to any agreement Lieff Cabraser may have made in the Email.

20. Plaintiffs will suffer irreparable harm if they are forced to arbitrate claims that are not arbitrable. They have incurred and will incur legal fees and costs in contesting the arbitration, which they will not recover or get back once it is ultimately determined that the AAA has no jurisdiction over plaintiffs. Further, plaintiffs will incur time and resources in arbitration that are not compensable by any monetary award.

21. In addition to the injunctive relief sought, plaintiffs also seek a declaration that they are not obligated to pay Criden any referral fee and that Criden is not entitled to any referral fee.

**FIRST CAUSE OF ACTION**

**(Preliminary Injunction Enjoining Arbitration)**

22. Plaintiffs incorporate by reference paragraphs 1 through 21 of this Complaint as though the same were set forth in full.

23. Plaintiffs have not made or signed any agreement that obligates them to arbitrate any dispute with Criden. The Email that contains a reference to arbitration of disputes before the AAA is between Lieff Cabraser, which is a registered California limited liability partnership, and defendant Criden. Plaintiffs are not signatories or parties thereto.

24. Plaintiff Joseph Saveri Law Firm, Inc. is in not obligated to arbitrate with Criden in that it was not a signatory to the purported Email arbitration agreement, nor was it at any time a limited liability partner of Lieff Cabraser.

25. Plaintiff Joseph R. Saveri is not obligated to arbitrate with Criden by virtue of having been a limited liability partner of Lieff Cabraser because, under California Corporations Code § 16306(c), "a partner in a registered limited liability partnership is not liable . . . for debts, obligations, or liabilities . . . of . . . the partnership."

26. Further, plaintiff Joseph R. Saveri is not obligated to arbitrate with Criden since he withdrew from Lieff Cabraser as a limited liability partner before June 1, 2012. Under California Corporations Code § 16703(a), a withdrawing partner is not liable for obligations incurred by the partnership after he withdraws. Any purported obligation to arbitrate arose after Criden's February 28, 2014 demand for arbitration and long after Saveri withdrew as a partner of Lieff Cabraser.

27. Plaintiffs are not estopped to deny any obligation to arbitrate because they have not received *direct* benefit from the Email purported referral agreement. Any benefits in the form of attorney's fees received by Joseph Saveri Law Firm, Inc. in the TiO2 Action were related to legal work while representing Breen, a client that was not procured by Criden or Lieff Cabraser, and performed in the TiO2 Action after Joseph R. Saveri was no longer a partner at Lieff Cabraser.

28. Accordingly, plaintiffs have not agreed to arbitrate any dispute with Criden, and the AAA is without jurisdiction to arbitrate it.

29. Plaintiffs will suffer irreparable harm if an injunction is not granted to restrain defendant from proceeding with the arbitration in this matter, in that they will be compelled to arbitrate claims they have not agreed to arbitrate, resulting in attorney's fees that cannot be recovered and expenditure of time and resources that are not compensable by any damage award.

30. The balance of hardships weighs in favor of plaintiffs. Plaintiffs will suffer immediate injury if the arbitration proceeding is not enjoined; whereas, Criden will suffer no harm since it will still be able to assert its claims in court.

## SECOND CAUSE OF ACTION

### (Declaratory Relief)

31. Plaintiffs incorporate by reference paragraphs 1 through 30 of this Complaint as though the same were set forth in full at this point.

32. A dispute currently exists as to whether plaintiffs are obligated to pay Criden a referral fee related to the TiO2 Action.

33. Plaintiffs contend Criden is not entitled to a referral fee from plaintiffs because, as alleged above, plaintiffs have not signed nor are they bound by any referral agreement. Plaintiffs further contend Criden is not entitled to any referral fee since plaintiffs' representation of Breen in the TiO2 Action was not due to Criden.

34. Plaintiffs also contend that Criden is not entitled to any referral fee from plaintiffs, or even from Lieff Cabraser. The purported division of fees in the Email between Lieff Cabraser and Criden fails to comply with Rule 4-1.5(g) of the Florida Bar Rules, which requires a written agreement with the client that the division of fees will be made and the basis upon which the division of fees will be made. The purported Email agreement between Lieff Cabraser and Criden similarly fails to comply with Rule 2-200(A)(1) of the Rules of Professional Conduct of the State Bar of California, which requires full disclosure and written consent that a division of fees has been made and the terms of such division.

35. Plaintiffs contend Criden is not entitled to arbitrate any dispute it has with the Joseph Saveri Law Firm, Inc. or Joseph Saveri, as there is no agreement to arbitrate between plaintiffs and Criden. The Email containing a purported arbitration clause is unconscionable as applied to plaintiffs.

36. A declaratory judgment is necessary and proper pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, because, as alleged above, there is an actual and justiciable controversy between plaintiffs and defendant regarding the Email purported referral fee agreement.

**PRAYER FOR RELIEFF**

**WHEREFORE**, plaintiffs pray for judgment against defendant, including:

1. A preliminary and permanent injunction enjoining Criden and all persons acting in active concert or participation with it from further continuing, prosecuting or maintaining the arbitration proceeding No. 32-194 Y 00123-14 before the American Arbitration Association.

2. A declaration that plaintiffs have not agreed nor are obligated to pay any referral fee to Criden, and that Criden is not entitled to any referral fee related to the TiO2 Action.

3. For such other relief as the Court deems appropriate and costs of suit.

**DEMAND FOR JURY TRIAL**

In accordance with F.R.C.P. 38(b), plaintiffs demand a trial by jury on all issues so triable.

DATED: April 15, 2014

>                    BARTKO, ZANKEL, BUNZEL & MILLER
>                    A Professional Law Corporation
>
>                    By:      /s/ Robert H. Bunzel
>                                 Robert H. Bunzel
>                             Attorneys for Plaintiffs
>                    JOSEPH SAVERI LAW FIRM, INC. and
>                            JOSEPH R. SAVERI